UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| RICKY RAUCH, SR. 6064 Memphis Street, New Orleans, LA 70124,  )<br>)<br>           Plaintiff,   )<br>)<br>)<br>MICHAEL CHERTOFF, as Secretary of the  )<br>Department of Homeland Security, Washington,  )<br>D.C. 20528   )<br>)<br>           Defendant.   )<br>_____  ) | Civil Action No._____<br><br><br><br>Jury Trial Requested |

**COMPLAINT FOR DAMAGES, DECLARATORY
AND INJUNCTIVE RELIEF**

Plaintiff Ricky Rauch, sues the Defendant in his official capacity as Secretary of the Department of Homeland Security and alleges:

**JURISDICTION AND VENUE**

1. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-16, as amended.

2. Jurisdiction is vested in this court pursuant to title 28 U.S.C. §§1331 and 1346.

3. Venue is proper pursuant to title 28 U.S.C. §1391(e), as the defendant is located in the District of Columbia.

4. Plaintiff has met all conditions precedent to the filing of this action and has exhausted his administrative remedies in that more than 180 have passed since the filing of her claim without resolution of the claim and that he has received a final agency decision denying his

claim of discrimination issued on June 28, 2005, and received on July 5, 2005.  **(Exh. A)**

## PARTIES

5.      At all times material herein, Plaintiff Ricky Rauch, Sr. is an employee of the Department of Homeland Security, Customs and Border Patrol, the successor agency to the U.S. Department of the Treasury, U.S. Customs Service.

6.      At the time plaintiff filed the administrative complaints which form the basis of this action, he was a Supervisory Marine Enforcement Officer, GS-1801-13, assigned to the Department of Homeland Security, Immigration and Customs Enforcement, Air and Marine Interdiction Division, New Orleans Air and Marine Branch, satellite office in Gulfport, Mississippi.  Plaintiff is a Hispanic male over the age of 40 years.

7.      At all times material herein, Defendant Michael Chertoff is the Secretary of the Department of Homeland Security and the agency head of the Customs and Border Patrol.

8.      At all times material herein, Charles Stallworth II, was the Director, Office of Air and Marine Operations, Department of Homeland Security, Bureau of Immigration and Customs Enforcement, Washington, D.C.

9.      At all times material herein, Fred Coover was the Branch Chief, Department of Homeland Security, Immigration and Customs Enforcement, Air and Marine Interdiction Division, New Orleans Air and Marine Branch in Belle Chase, Louisiana.

10.     At all times material herein, Nicholas Doucet was a supervisor of the Department of Homeland Security, Immigration and Customs Enforcement, Air and Marine Interdiction Division, New Orleans Air and Marine Branch in Belle Chase, Louisiana.

## FACTUAL ALLEGATIONS

11. Plaintiff repeats and realleges the allegations contained in paragraphs 1-10 as though fully set forth herein.

12. On or about November 20, 2000, and February 18, 2002, the plaintiff suffered an on-the-job injury to his back. Branch Chief Coover was aware of the plaintiff's injury yet directed plaintiff to perform his duties. As a result of complying with Coover's order, plaintiff suffered an additional injury to his back.

13. The plaintiff received medical treatment for his original injury and benefits from the Department of Labor OWCP. When plaintiff reinjured his back in February 2002, plaintiff's OWCP medical treatment and benefits continued.

14. Between the period of February 2002 and May 2002, Branch Chief Coover subjected plaintiff to harassment because of his injury.

15. In this regard, Branch Chief Coover refused to allow plaintiff to perform his supervisory duties contained in his position. Branch Chief Coover repeatedly ignored the plaintiff's injury limitations, and assigned him physical tasks not part of his position description or part of his critical elements. These assignments caused further aggravation to plaintiff's existing injury.

16. As a result plaintiff filed a formal complaint of discrimination in EEO Complaint in Case TD-02-2300. In that complaint, plaintiff alleged that Coover discriminated against him based on national origin, and age. That claim was later dismissed as being untimely.

17. Director Stallworth, Branch Chief Coover and Supervisor Doucet knew of the plaintiff's charge of discrimination in June 2002.

18. Commencing in July 2002, Coover engaged in a pattern and practice of retaliation against plaintiff for the filing of the EEO complaint.

19. Branch Chief Coover's actions consisted of acts of sabotage, publically labeling the plaintiff as a "fake" and publically informing co-workers plaintiff was a "troublemaker" for filing the EEO complaint.

20. Among other actions, Branch Chief Coover refused to afford plaintiff the same supervisory opportunities as younger supervisors.

21. With the sole intent of affecting plaintiff's job duties, Branch Chief Coover removed plaintiff's name from the supervisory distribution lists and issued work assignments directly to employees supervised by the plaintiff without the plaintiff's knowledge.

22. Branch Chief Coover's actions, as described in the preceding paragraphs, was persistent and continuous. Coover's actions were so pervasive that the work environment became extremely hostile.

23. During January 2003, Director Stallworth and Branch Chief Coover were instrumental in having the plaintiff's position description amended with the intent of forcing plaintiff's retirement or removal from the federal service.

24. Branch Chief Coover directed Supervisor Doucet to issue plaintiff the amended position description. The amended position description read that the supervisory marine enforcement officer must now have the "ability" to perform vessel operations.

25. The plaintiff's prior position description reads that the supervisory marine enforcement officer must have the "knowledge" to perform vessel operations.

26. Other supervisory marine enforcement officers had no knowledge of any

purported change in their position descriptions.

27. The amendment in plaintiff's job duties was for the sole purpose of causing plaintiff's removal from the federal service in furtherance of Branch Chief Coover's harassment towards the plaintiff and in retaliation for plaintiff's filing of and administrative EEOC complaint.

28. In March 2003, Branch Chief Coover communicated to other staff members about his intent to "do him" as it pertained to plaintiff. This comment was made by Branch Chief Coover as a result of plaintiff's filing of an administrative EEOC complaint and for the purpose of affecting plaintiff's job duties and to effectuate plaintiff's removal from the federal service.

29. Branch Chief Coover also directed other supervisors to spy on the plaintiff while he worked and to report back to him with the intent of reprimanding the plaintiff and/or to remove plaintiff from the federal service. The actions of Branch Chief Coover were in retaliation for plaintiff's filing of an administrative EEOC complaint.

30. On March 27, 2003, Supervisor Doucet informed the plaintiff that Branch Chief Coover directed him to rate the plaintiff "unsatisfactory" on his performance rating. The unsatisfactory rating was in retaliation for the filing of plaintiff's administrative EEOC complaint. Prior to this, Plaintiff had never received an unsatisfactory rating during his career with the U.S. Customs Service.

31. The instructions given by Branch Chief Coover to Supervisor Doucet was a result of plaintiff's filing of an administrative EEOC complaint and for the purpose of affecting plaintiff's job duties and to effectuate plaintiff's removal from the federal service.

32. On April 29, 2003, plaintiff was on Family Medical Leave. Plaintiff observed

Supervisor Doucet circling the corner around his house. No other employee under similar circumstances had ever been subjected to a surveillance by Branch Chief Coover or Supervisor Doucet.

33. As a result, plaintiff filed a timely second complaint of discrimination and retaliation with the agency in case TD-03-2378 on 5/20/2003.

34. Coover was aware of the second complaint and as noted above of the plaintiff's prior EEOC administrative complaint filing activity.

35. In response to the filing of his second EEOC administrative complaint, Branch Chief Coover and others at his directed engaged in the following actions:

- A. Circumventing the plaintiff on Interdiction Operations Plans and removing him from the chain of command with the intent on undermining his supervisory authority and attempting to set him up for failure in his job;

- B. Directing the plaintiff's reassignment in July 2003 to the Washington, D.C. Office informing the plaintiff that failure to accept the reassignment could result in removal or retirement;

- C. Refusal to assign plaintiff sedentary duties within his position description when such accommodation could have been easily made;

- D. Abolishing his GS-13 Supervisory Position from the Gulfport operations office;

- E. Refusal by the defendant to accommodate the plaintiff and assign him to a job with law enforcement retirement (6-C retirement) even though three vacant positions existed and plaintiff was qualified for those position;

- F. Placing the plaintiff in a position with no supervisory responsibilities; a twenty percent loss in salary; loss of his law enforcement retirement and loss of attendant federal benefits.

## COUNT I

### RETALIATION FOR EEO ACTIVITY

36. Plaintiff repeats and realleges paragraphs 1 through 35 as though fully set forth herein.

37. Since 2002, the plaintiff has been engaged in activity protected by sections 703 and 704 of the Civil Rights Act of 1964.

38. Since 2002, the defendant and its supervisors have been aware of the plaintiff's activity and his EEO complaints.

39. The defendant has repeatedly subjected the plaintiff to harassment that adversely affected the terms, conditions and privileges of his employment because:

(a) he opposed employment practices by the defendant that he reasonably believed to be unlawful practices based on race;

(b) he filed complaints of discrimination or retaliation with the defendant's EEO office; and by

(c) failing or refusing to take appropriate action fully to remedy the effects of retaliation against the plaintiff.

40. The defendant took these adverse employment actions against the plaintiff because she engaged in activities protected under §§ 703 and 704 of the Act.

41. Each of these actions taken against the plaintiff by the defendant and his supervisors affected plaintiff's job duties, compensation, or benefits.

WHEREFORE, plaintiff prays that this Court enter judgment against the defendant and grant the following relief:

     a.     $300,000.00 for violation of his rights under the Civil Rights Act of 1964, and the Civil Rights Act of 1991, 42 U.S.C. §1981a;

     b.     all lost benefits and wages as a result of the agency's retaliatory acts against the plaintiff;

     c.     attorney fees and costs;

     d.     enjoin the defendant from all further attempts at retaliation against the plaintiff; and

     e.     any and all such further relief this Court deems appropriate and just.

## DEMAND FOR JURY TRIAL

The plaintiff demands a trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38 and 42 U.S.C. §1981a.

Respectfully submitted,

*/s/ Stephen G. DeNigris, Esq.*
Stephen G. DeNigris, Esq.
D.C. Bar No. 440697
2100 M Street, NW Suite 170 - 283
Washington, D.C. 20037

Office:     (703)416-1036
Office Fax:     (703)416-1037 (facsimile)

Dated: September 26, 2005
     Washington, D.C.