```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA

RICKY RAUCH, SR.,                )
                                 )
          Plaintiff,             )
                                 )
     v.                          ) Civil Action No. 05-1904 RJL
                                 )
MICHAEL CHERTOFF,                )
   Secretary of the Department   )
   of Homeland Security          )
                                 )
          Defendant.             )
_____)
```

DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER

Defendant respectfully moves, pursuant to Fed. R. Civ. P. 12(b)(1) and (3), to dismiss the Complaint in light of the lack of proper venue in this district. Alternatively, the Court should transfer this action to the Eastern District of Louisiana, pursuant to 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a). In support of this motion, the Court is respectfully referred to the accompanying memorandum of points and authorities. A proposed Order consistent with this motion is attached hereto.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

_____
R. CRAIG LAWRENCE, DC Bar #171538
Assistant United States Attorney

_____
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

RICKY RAUCH, SR.,                  )
                                   )
          Plaintiff,               )
                                   )
     v.                            )  Civil Action No. 05-1904 RJL
                                   )
MICHAEL CHERTOFF,                  )
   Secretary of the Department     )
   of Homeland Security            )
                                   )
          Defendant.               )
_____)
```

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER

Defendant, Michael Chertoff, Secretary of the Department of Homeland Security, files this memorandum of law in support of Defendant's Motion to Dismiss Or, In The Alternative, To Transfer, on the basis that venue is improper in the District of Columbia, and transfer is appropriate for the convenience of parties and witnesses.

BACKGROUND AND ALLEGATIONS

Plaintiff filed this action against the Secretary, alleging that he was subjected to employment discrimination while employed at the Gulfport, Mississippi, satellite office of the New Orleans Air and Marine Branch, Immigration and Customs Enforcement, Department of Homeland Security. See Complaint, ¶ 6. In his Complaint, Plaintiff lists management actions, beginning in February 2002 and continuing through July 2003, which he alleges constitute harassment/hostile work environment and retaliation in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C.

§ 1981a.

During the relevant time, Plaintiff worked in coastal Louisiana and Mississippi, under the supervisory, administrative, and operational command of the New Orleans Air and Marine Branch, Belle Chasse, Louisiana. See Declaration of Frederick Coover ("Coover Decl."), ¶¶ 2-4.[1]  During this time, both Plaintiff's first line supervisor, Nicholas Doucet, and second line supervisor, Chief Frederick Coover, worked at the New Orleans Air and Marine Branch in Belle Chasse, Louisiana. See Complaint, ¶¶ 9-10. Documents relating to Plaintiff's day-to-day responsibilities and performance are maintained at the New Orleans Air and Marine Branch, Hammond, Louisiana. See Declaration of Nicholas Doucet ("Doucet Decl."), ¶ 8. It is believed that during all times material to the Complaint, Plaintiff's residence of record was, and continues to be, in New Orleans, Louisiana.  See Complaint, Caption; Coover Decl., ¶ 5; Doucet Decl., ¶ 7.

A paragraph-by-paragraph review of the factual allegations contained in the Complaint makes clear that the appropriate judicial district for litigation of this matter, is the Eastern District of Louisiana, not the District of Columbia:

---

[1]  The offices of the New Orleans Air and Marine Branch were located in Belle Chasse, Louisiana, until October 2003, when they relocated to Hammond, Louisiana.  See Declaration of Nicholas Doucet ("Doucet Decl."), ¶ 1.

1. In paragraphs 12-13 of the Complaint, Plaintiff alleges that, in February 2002, Chief Fred Coover directed him to perform duties, which resulted in the re-injury of Plaintiff's back. Without admitting this allegation, the agency notes that any directives that might have been issued by Chief Coover, regarding the performance of Plaintiff's duties relevant to his injury, would have been issued by Chief Coover from his duty station at the New Orleans Air and Marine Branch located in Belle Chasse, Louisiana. See Coover Decl., ¶ 6. Further, Plaintiff's alleged re-injury of his back took place in the waters off of Venice, Louisiana. See Coover Decl., ¶ 6.

2. In paragraphs 14-17 of the Complaint, Plaintiff alleges that during February to March 2002, Chief Coover subjected Plaintiff to harassment by: refusing to allow Plaintiff to perform supervisory duties, ignoring Plaintiff's injury limitations, and assigning Plaintiff tasks that were not part of Plaintiff's position description. Plaintiff explains that, in response to Chief Coover's alleged harassment, he filed an EEO Complaint, alleging that Chief Coover discriminated against him on the bases of national origin and age. See Complaint ¶¶ 12-13. Without admitting this allegation, the agency notes that had Chief Coover performed the actions alleged in paragraphs 14-17, he would have done so from his duty station at the New Orleans

Air and Marine Branch in Belle Chasse, Louisiana. See Coover Decl., ¶ 7.

3.  In paragraphs 18-22 of the Complaint, Plaintiff alleges that, commencing in July 2002, Chief Coover engaged in a pattern and practice of retaliation against Plaintiff so pervasive as to constitute a hostile work environment.  Specifically, Plaintiff alleges that Chief Coover: publicly labeled Plaintiff as a "fake" and a "troublemaker;" refused to afford Plaintiff the same supervisory opportunities as younger supervisors; removed Plaintiff's name from supervisory distribution lists; and, issued work assignments directly to employees supervised by Plaintiff. Without admitting these allegations, the agency notes that had Chief Coover performed the actions alleged in paragraphs 18-22, he would have done so from his duty station at the New Orleans Air and Marine Branch in Belle Chasse, Louisiana. See Coover Decl., ¶ 8.

4.  In paragraphs 23-27 of the Complaint, Plaintiff alleges that his position description was amended in furtherance of Chief Coover's harassment and retaliation.  Plaintiff alleges that during January 2003, Chief Coover and Charles Stallworth, Director of Air and Marine Operations, Washington, DC, were "instrumental" in amending Plaintiff's position description.

Plaintiff asserts that Chief Coover directed Plaintiff's supervisor, Nicholas Doucet, to issue the amended position description to Plaintiff in order to force Plaintiff's retirement or removal.  Although the agency does not admit the allegations set out in paragraphs 23-27 of the Complaint, it notes that Plaintiff's supervisor, Nicholas Doucet, presented Plaintiff with an amended position description at the New Orleans Air and Marine Branch's satellite office in Gulfport, Mississippi.  See Doucet Decl., ¶ 7.  A copy of the amended position description is maintained at the New Orleans Air and Marine Branch in Hammond, Louisiana.  See Doucet Decl., ¶ 7.  Further, any actions that might have been taken by Chief Coover relevant to the amended position description would have taken place at his duty station at the New Orleans Air and Marine Branch in Belle Chasse, Louisiana.  See Coover Decl., ¶ 9.

     5.   In paragraphs 28-29 of the Complaint, Plaintiff alleges that in March 2003, Branch Chief Coover communicated to staff members his intent to "do him [Plaintiff]," and directed other supervisors to spy on Plaintiff.  Without admitting this allegation, the agency notes that had Chief Coover performed the actions alleged in paragraphs 28-29, he would have done so from his duty station at the New Orleans Air and Marine Branch in Belle Chasse, Louisiana.  See Coover Decl., ¶ 10.

    6.  In paragraphs 30-31 of the Complaint, Plaintiff alleges that on March 27, 2003, Nicholas Doucet informed Plaintiff that Chief Coover had directed that Plaintiff be rated unsatisfactory on Plaintiff's performance rating.  Without admitting this allegation, the agency notes that Nicholas Doucet conducted Plaintiff's performance appraisal at the New Orleans Air and Marine Branch in Belle Chasse, Louisiana.  <u>See</u> Doucet Decl., ¶ 10.  Similarly, had Chief Coover issued directions to Nicholas Doucet regarding Plaintiff's performance appraisal, he would have done so from his duty station at the New Orleans Air and Marine Branch in Belle Chasse, Louisiana.  <u>See</u> Coover Decl., ¶ 11.  The performance appraisal referenced by Plaintiff is maintained at the New Orleans Air and Marine Branch, which is presently located in Hammond, Louisiana. <u>See</u> Doucet Decl., ¶ 6.

    7.  In paragraph 32 of the Complaint, Plaintiff alleges that on April 29, 2003, Plaintiff's supervisor, Nicholas Doucet, circled around Plaintiff's home conducting surveillance while Plaintiff was on leave.  In fact, Nicholas Doucet did drive around Plaintiff's home, which is located in New Orleans, Louisiana, in order to ascertain whether a government-owned vehicle was located there.  <u>See</u> Doucet Decl., ¶ 7.

    8.  In paragraph 35 of the Complaint, Plaintiff alleges

that, in retaliation for filing a second discrimination complaint, Chief Coover and others, at Coover's direction, engaged in the following actions: (A) Set Plaintiff up to fail and undermined Plaintiff's supervisory authority by removing Plaintiff from the chain of command and circumventing Plaintiff on Interdiction Operations Plans; (B) Directed Plaintiff's reassignment to Washington, DC, in July 2003; (C) Refused to assign Plaintiff sedentary duties within his position description; (D) Abolished Plaintiff's GS-13 supervisory position from the Gulfport office; (E) Refused to accommodate Plaintiff and assign him to a law enforcement position with 6-C retirement; (F) Placed Plaintiff in a position that has no supervisory responsibilities, pays less, has no law enforcement 6-C retirement benefits.

Without admitting these allegations, the agency notes that had Branch Chief Coover performed, or directed others to perform, the acts listed in paragraph 35(A)-(D) of the Complaint, he would have done so from his duty station at the New Orleans Air and Marine Branch in Belle Chasse, Louisiana. See Coover Decl., ¶ 12.[2]  Had Chief Coover performed, or directed others to perform, the acts listed in paragraph 35(E)-(F) of the Complaint, he would

---

[2]  The Complaint is vague, but specifically does not allege that Plaintiff was ever transferred to the District of Columbia. See Complaint, ¶ 35(B). The agency has advised that Plaintiff was never transferred here; but that when he objected to transfer here, he was not forced to come here.

-7-

have done so from his present duty station at the North American Aerospace Defense Command/United States Northern Command ("NORAD/USNORTHCOM") in Colorado Springs, Colorado, a position to which he transferred in November 2003. See Coover Decl., ¶¶ 1, 12.

## ARGUMENT

Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, a defendant may properly assert a claim of improper venue by responsive pleading or by motion. For the convenience of parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. §§ 1404(a) and 1406(a).

Discovery on the factual allegations raised by Plaintiff in the Complaint will overwhelmingly involve witnesses who, like Plaintiff, are employed by the Department of Homeland Security in Louisiana, and the immediate coastal vicinity. Because venue over all of the claims raised by Plaintiff is clearly proper in Louisiana, this Court should, at a minimum, transfer the action to the Eastern District of Louisiana.

Generally speaking, venue must be established for each cause of action. Lamont v. Haig, 590 F.2d 1124, 1135 (D.C. Cir. 1978); Hayes v. RCA Service Co., 546 F. Supp. 661, 664 (D.D.C. 1982). Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq.,

creates a limited waiver of the government's sovereign immunity from suit and stands as a bar to jurisdiction by any federal district court that does not meet its venue provision.  <u>Archuleta v. Sullivan</u>, 725 F. Supp. 602, 603-04 (D.D.C. 1989).  Title VII includes a specific venue provision.  42 U.S.C. § 2000e-5(f)(3).[3]  It allows Title VII claims to be brought only: (1) where the unlawful act is alleged to have been committed; (2) where the plaintiff would have worked but for the unlawful act; (3) where employment records related to the proscribed conduct are maintained; or (4) where the employer has its principal office (but only if the defendant cannot be brought before the court in any of the three preceding districts).

---

[3]   The statute provides:

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. <u>Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.</u> For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3) (emphasis added).

The Court of Appeals has held that, with respect to Title VII actions, it was "the intent of Congress to limit venue to the judicial districts concerned with the alleged discrimination...." <u>Stebbins</u> v. <u>State Farm Mutual Auto. Ins. Co.</u>, 413 F.2d 1100, 1102-03 (D.C. Cir.), <u>cert.</u> <u>denied</u>, 369 U.S. 895 (1969).

In the instant case, the judicial district with the strongest connection to the alleged discrimination is the Eastern District of Louisiana, not the District of Columbia.  The only apparent connection to the District of Columbia raised by Plaintiff is the role of Charles Stallworth, Director of Air and Marine Operations, Washington, DC, in amending Plaintiff's position description.  <u>See</u> Complaint, ¶ 23.  However, even with regard to this issue, Plaintiff alleges that the amendment of his position description was "in furtherance of Branch Chief Coover's harassment . . . and retaliation."  <u>See</u> Complaint, ¶ 27. Plainly, any supposed campaign of harassment and retaliation that Plaintiff may argue might have been conducted by Chief Coover would have been conducted from Coover's duty station in Louisiana, not from the District of Columbia.  At any rate, only in the Eastern District of Louisiana is venue available for all of the claims of discrimination alleged in the Complaint. Accordingly, the Eastern District of Louisiana, not the District of Columbia, is the judicial district where venue is proper.

Venue is not proper in the District of Columbia under the

fourth prong of the Title VII venue provision, i.e., where the principal office of defendant is located.  It is clear from the language of the provision that venue lies where the principal office of defendant is located "only where the putative employer cannot be brought before the court in one of those districts [to which the first three prongs would apply] may the action be filed in the judicial district in which he has 'his principal office'." Stebbins, 413 F.2d at 1103; Donnell v. National Guard Bureau, 568 F. Supp. 93, 95 (D.D.C. 1983).  In the present case, the Department of Homeland Security can be brought before the court in the Eastern District of Louisiana, the judicial district in which, under the venue provision of Title VII, this action should have been brought.

   The District of Columbia simply has no significant connection to the allegations of discrimination made by Plaintiff in the Complaint.  The events that relate to most of the allegations in the Complaint took place in Louisiana, and the pertinent records are in Louisiana.  Applying a "commonsense appraisal of events having operative significance in the case" leads to the conclusion that venue is not proper in the District of Columbia.  See Donnell, 568 F. Supp. at 94.  Accordingly, this case should be dismissed for lack of venue, or alternatively, transferred to the Eastern District of Louisiana.

   Federal law provides that when faced with a complaint,

-11-

laying venue in the wrong district, the district court in which it was filed may, in the interest of justice, transfer it to a district in which it could have been brought.  See 28 U.S.C. § 1406(a).  Thus, should this Court deem it appropriate, it may transfer this action to the Eastern District of Louisiana, where the first three prongs of the venue provision would be satisfied.  Similarly, even if proper venue could be said to exist in the District of Columbia, the Court could also transfer the case to Louisiana under 28 U.S.C. § 1404(a)("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.")

## CONCLUSION

For the reasons set forth above, this case should be dismissed or alternatively transferred to the Eastern District of Louisiana.

                          Respectfully submitted,

                          _____
                          KENNETH L. WAINSTEIN, DC Bar #451058
                          United States Attorney

                          _____
                          R. CRAIG LAWRENCE, DC Bar #171538
                          Assistant United States Attorney

                          _____
                          W. MARK NEBEKER, DC Bar #396739
                          Assistant United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Defendant's Motion To Dismiss Or, In The Alternative, To Transfer, supporting memorandum, declarations and a proposed Order has been made through the Court's electronic transmission facilities to:

STEPHEN G. DENIGRIS, ESQ.
2100 M Street, N.W.
Suite 170-283
Washington, DC  20037
sgd853@aol.com

on this 30th day of January, 2006.

_____
W. MARK NEBEKER, D.C. Bar #396739
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, DC  20530
(202) 514-7230