```
            UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF COLUMBIA
```

RICKY RAUCH, SR.,                )
                                 )
        Plaintiff,                )
                                 )
    v.                           )   Case No. 1:05CV01904
                                 )
MICHAEL CHERTOFF,                )
  Secretary of the Department    )
  of Homeland Security           )
                                 )
        Defendant.                )
_____)

## DECLARATION OF FREDERIC L. COOVER

I, Frederic L. Coover, make the following declaration pursuant to 28 U.S.C. § 1746. I am aware that this declaration is the equivalent of a statement under oath, and that it will be filed in the United States District Court for the District of Columbia.

(1) I am an employee of U.S. Customs and Border Protection, Department of Homeland Security, currently serving as the agency's liaison to the North American Aerospace Defense Command/United States Northern Command ("NORAD/USNORTHCOM") in Colorado Springs, Colorado. I have served in my present position since November 2003.

(2) Prior to assuming my present position, I served as Chief of the agency's New Orleans Air and

Marine Branch in Belle Chasse, Louisiana. I held this position from May 1997 through October 2003. As Chief of the New Orleans Air and Marine Branch, I was responsible for the agency's air and marine operations throughout Louisiana, Mississippi, Alabama, the Florida Panhandle, Tennessee, Kentucky, Illinois, Indiana, Ohio, and Michigan.

(3) From the time plaintiff entered on duty under the command of the New Orleans Air and Marine Branch in July 1999, until my transfer to Colorado Springs, Colorado, in November 2003, I served as plaintiff's second-line supervisor.

(4) I have reviewed the Complaint in the above-captioned action. The unlawful employment practices alleged in the Complaint appear to be wholly related to plaintiff's employment as a Supervisory Marine Enforcement Officer in coastal Louisiana and Mississippi under the command of the New Orleans Air and Marine Branch in Belle Chasse, Louisiana.

(5) To the best of my knowledge, during all times material to the Complaint, plaintiff's residence

of record was, and continues to be, in New Orleans, Louisiana.

(6) In paragraphs 12-13 of the Complaint, plaintiff alleges that, in February 2002, I directed him to perform duties, which resulted in the re-injury of his back. I deny these allegations, but had I issued the directions alleged by plaintiff, I would have done so from my official duty station at the New Orleans Air and Marine Branch in Belle Chasse, Louisiana. To the best of my knowledge, plaintiff's alleged re-injury of his back occurred off the coast of Venice, Louisiana.

(7) In paragraphs 14-17 of the Complaint, plaintiff alleges that during February to March 2002, I subjected him to harassment by: refusing to allow him to perform supervisory duties, ignoring his injury limitations, and assigning him tasks that were not part of his position description. I deny these allegations, but had I performed the actions alleged by plaintiff in paragraphs 14-17 of the Complaint, I would have done so from my duty station at the New Orleans Air and Marine Branch in Belle Chasse, Louisiana.

(8) In paragraphs 18-22 of the Complaint, plaintiff alleges that, commencing in July 2002, I engaged in a pattern and practice of retaliation against plaintiff so pervasive as to constitute a hostile work environment. Specifically, plaintiff alleges that I: publicly labeled him a "fake" and a "troublemaker;" refused to afford him the same supervisory opportunities as younger supervisors; removed his name from supervisory distribution lists; and, issued work assignments directly to employees supervised by him. I deny these allegations, but had I performed the actions alleged by plaintiff in paragraphs 18-22 of the Complaint, I would have done so from my duty station at the New Orleans Air and Marine Branch in Belle Chasse, Louisiana.

(9) In paragraphs 23-27, plaintiff alleges that I was instrumental in having his position description amended with the intent of forcing his retirement or removal and that the amendment was in furtherance of my harassment of, and retaliation against, him. I deny these allegations, but had I performed the actions alleged by plaintiff in paragraphs 23-27 of the Complaint, I would have

   done so from my duty station at the New Orleans Air and Marine Branch in Belle Chasse, Louisiana.

(10) In paragraphs 28-29 of the Complaint, plaintiff alleges that in March 2003, I communicated to staff members my intent to "do him," and directed other supervisors to spy on him. I deny these allegations, but had I performed the actions alleged in paragraphs 28-29, I would have done so from my duty station at the New Orleans Air and Marine Branch in Belle Chasse, Louisiana.

(11) In paragraphs 30-31 of the Complaint, plaintiff implies that on or about March 27, 2003, I directed plaintiff's supervisor, Nicholas Doucet, to assign plaintiff an "unsatisfactory" rating on plaintiff's performance evaluation. I deny this implication, but had I issued such directions, I would have done so from my duty station at the New Orleans Air and Marine Branch in Belle Chasse, Louisiana.

(12) In paragraph 35 of the Complaint, plaintiff alleges that, in retaliation for plaintiff's filing a second discrimination complaint, I and others directed by me, engaged in the following actions: (A) Set plaintiff up to fail and

undermined plaintiff's supervisory authority by removing plaintiff from the chain of command and circumventing plaintiff on Interdiction Operations Plans; (B) Directed plaintiff's reassignment to Washington, D.C., in July 2003; (C) Refused to assign plaintiff sedentary duties within his position description; (D) Abolished plaintiff's GS-13 supervisory position from the Gulfport office; (E) Refused to accommodate plaintiff and assign him to a law enforcement position with 6-C retirement; (F) Placed plaintiff in a position that has no supervisory responsibilities, pays less, and has no law enforcement 6-C retirement benefits. I deny these allegations, but had I performed the actions alleged in paragraph 35(A)-(D), I would have done so from my duty station at the New Orleans Air and Marine Branch in Belle Chasse, Louisiana. Had I performed the actions alleged in paragraph 35(E)-(F), I would have done so from my duty station at NORAD/USNORTHCOM in Colorado Springs, Colorado.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 17th day of January, 2006.

_____
Frederic Coover
Liaison to NORAD/USNORTHCOM
U.S. Customs & Border Protection