UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RICKY RAUCH, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No. 05-cv-1904 (RJL) |
| v. | ) | |
| | ) | |
| MICHAEL CHERTOFF, in his | ) | |
| official capacity as Secretary of the | ) | |
| Department of Homeland Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS AND/OR TO TRANSFER**

Plaintiff, Ricky Rauch, Sr., through counsel, files his response in opposition to the United

States' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(3) or in the Alternative, to Transfer

this Matter to the United States District Court for the Eastern District of Louisiana.

**I.**

**A. Background of this Action**

On June 28, 2005, the plaintiff received his final agency decision on his complaint of

discrimination against the Department of Homeland Security.  The notice read that any action

based on the complaint of discrimination must be brought in a United States District Court within

ninety (90) days of the letter.  During that period of time, the plaintiff was suffering from

depression and other medical problems associated with his medical injuries which formed part of

the basis of his lawsuit.  The limitations period for the plaintiff's complaint expired on September

27, 2005.

On August 30, 2005, Hurricane Katrina slammed into the Louisiana Gulf Coast and City New Orleans creating the worst natural disaster ever to strike the United States mainland. In the wake of the devastation all courts within the City of New Orleans. The United States District Court for the Eastern District of Louisiana as well as the U.S. Attorney's Office was no exception. As posted on the Court's website at the time, Chief Judge Helen G. Berrigan ordered the district court closed and ceased all operations in the Eastern District until further notice. The court, however, attempted to operate from three satellite locations in Houma, Baton Rouge and Lafayette, Louisiana until further notice. The U.S. Court of Appeals for the Fifth Circuit also ceased operations in New Orleans.

Legal services from local counsel also ceased because of the evacuation of New Orleans and subsequent devastation from Katrina. The legal community infrastructure in New Orleans was, like the residences and government offices displaced and/or destroyed.

As it applied to the plaintiff, his Memphis Avenue residence was approximately ten blocks south of Lake Pontchartrain and eight blocks east of the 17th Street Canal and Levee. The 17th Street Levee was breached on August 29, 2005, as the storm surge from Katrina pounded New Orleans. Within hours and by the time Katrina came ashore, the plaintiff's house and the Memphis District of New Orleans was completely submerged by water and rendered uninhabitable. Plaintiff evacuated to the area north of Baton Rouge, Louisiana where for almost two months he and his family lived from one temporary residence to another. Unfortunately, communications with the Plaintiff was non-existent. As a result and because this complaint involved a federal cause of action against one sole federal defendant and one federal agency, the action was brought in this Honorable Court on September 27, 2005.

2

On November 3, 2005, the United States District Court for the Eastern District of Louisiana reopened. The court notified the bar that the satellite locations in Houma, Baton Rouge and Lafayette, Louisiana would remain in operation until December 30, 2005. However, as it applied to the trial bar, the court asked attorneys who have trials scheduled in the Eastern District of Louisiana until the end of the year, to file a motion with the court at any location advising if they want to keep their trial date as scheduled or if they need a continuance of their trial date. The bar was further notified that oral argument should be requested only when absolutely necessary and may be conducted by conference call rather than in person because of limited courtroom availability. *See http://www.laed.uscourts.gov/Bar.htm*

**B.**

**The Situation In New Orleans Today**

New Orleans today remains a federal disaster area. However, a small portion of the French Quarter remained relatively unscathed. The infrastructure remains in shambles and the city government barely operates. Hotel availability remains limited. The city and the surrounding area remain devastated. (Exh A)

Medical emergency services also remain substantially diminished. As noted by commentators in New Orleans prior to Katrina there were over 4000 hospital beds. Currently, there are approximately less than 1700 beds available for individuals requiring medical assistance. (Exh. B)  Less than half of the hospitals in New Orleans are opened. As one commentator writes "Memorial Hospital was one of the busiest in the city. It's still closed now, fences are up, windows are blown out and the emergency room is eerily empty." (Exh. C)  Moreover, the levee system around New Orleans is still under repair with the 2006 hurricane season approaching on

3

June 1, 2006.  (Exh. D)  There is criticism that the repairs are not adequate.  (Exh. E)  The National Hurricane Center predicts an active hurricane season.  The 2006 forecast calls for 17 named tropical storms.  An average season has 9.6 tropical storms.  Nine (9) hurricanes compared to the average of 5.9.  Five (5) major hurricanes with winds exceeding 110 mph.  The average is 2.3.  (Exh. F)

## C.

### The Alleged Facts of the Case

The plaintiff is an employee of the Department of Homeland Security, Customs and Border Patrol, the successor agency to the U.S. Department of the Treasury, U.S. Customs Service. *Comp.* ¶5  The alleged actions by three supervisory employees formed the basis of the basis of the plaintiff's administrative and civil complaint.  Those employees are Charles Stallworth II, Fred Coover and Nicholas Doucet. *Comp.* ¶¶ 8-10.  Stallworth was the Director, Office of Air and Marine Operations, Department of Homeland Security, Bureau of Immigration and Customs Enforcement, 425 I Street NW, Washington, DC  20536.  Coover and Doucet were assigned duty stations in Belle Chase, Louisiana. *Id.*  Many, if not all, of the decisions made concerning the plaintiff's case and actions taken against the plaintiff originated in Washington, D.C. with Charles E. Stallworth II, Director, Office of Air and Marine Operations, Bureau of Immigration and Customs Enforcement,  As noted in Paragraphs 17 and 23 of the complaint, Stallworth knew of the plaintiff's discrimination complaint and was instrumental in approving or initiating the acts of discrimination and retaliation.  (*Exh. G -Decl. Ricky Rauch, Sr  ¶¶ 6, 7, 8, 9, 10, 11, 15, 16*)  Indeed, none of the alleged retaliatory acts taken against the plaintiff as outlined in the complaint could have occurred without Stallworth's knowledge, participation and approval.

4

As it applies to the plaintiff's employment history, the Department of Homeland Security

maintains the plaintiff's official personnel folder at Customs Headquarters in Washington, D.C.

(*Decl. Ricky Rauch, Sr* ¶5)   Additionally, the plaintiff's worker's compensation records relevant

to his complaint of retaliation are maintained in Washington, D.C. at the Department of Homeland

Security/U.S. Customs Headquarters at 425 I Street NW, Washington, D.C. 20536.[1]  *Id.*

In the same vein, the defendant's final agency decision denying the plaintiff's complaint of

discrimination originated at the Department of Homeland Security in the District of Columbia.

(*See Comp. Exhibit A - Letter of Daniel W. Sutherland - DHS Officer for Civil Rights and Civil

Liberties*)

## II.

### A. Motion to Dismiss Standard Under Rule 12(b)(3

Pursuant to Fed. R. Civ. P. 12, a claim should not be dismissed "unless it appears beyond

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to

relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  In deciding a motion to dismiss, a court

"must accept as true all well-pleaded factual allegations and draw all reasonable inferences in

favor of the plaintiffs." *Fitts v. Fed. Nat'l Mortgage Ass'n*, 44 F. Supp.2d 317, 321 (D.D.C.

1999).  However, a court need not accept plaintiffs' legal conclusions as true. *See Artis v.

Greenspan*, 158 F.3d 1301, 1306 (D.C.Cir. 1998). On a motion to dismiss for improper venue

under Fed. R. Civ. P. 12(b)(3), facts must be presented that will defeat plaintiff's assertion of

venue. 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*: Civil 2d §

---

[1]      Title 5 CFR §293.302 mandates that an agency shall establish an Official Personnel
Folder (OPF) for each employee occupying a position.  The regulation also mandates that there
will be only one OPF maintained for each employee regardless of service in various agencies.

1352 (2d ed. 1990).

Federal Rule of Civil Procedure 12(b)(3) states that the court will dismiss or transfer a case if venue is improper or inconvenient in the plaintiff's chosen forum. In considering a Rule 12(b)(3) motion, the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor. *2215 Fifth St. Assocs. v. U-Haul Int'l, Inc.*, 148 F. Supp.2d 50, 54 (D.D.C. 2001). To prevail on a motion to dismiss for improper venue, the defendant must present facts that will defeat the plaintiff's assertion of venue. *Id*. Under 42 U.S.C. § 2000e-5(f)(3), a plaintiff may bring a Title VII action in any one of four judicial districts. The statute provides that:

> [s]uch an action may be brought in [1] any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, [4] but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

This statutory scheme indicates that Congress intended to limit venue in Title VII cases to those jurisdictions concerned with the alleged discrimination. *Stebbins v. State Farm Mut. Auto. Ins. Co.*, 413 F.2d 1100, 1102 (D.C. Cir. 1969). Courts can determine venue by applying a "commonsense appraisal" of events having operative significance. *Lamont v. Haig*, 590 F.2d 1124, 1134 (D.C. Cir. 1978); *Donnell v. Nat'l Guard Bureau*, 568 F. Supp. 93, 94 (D.D.C. 1983). If the plaintiff brings suit in a jurisdiction that does not satisfy *one* of the venue requirements listed in 42 U.S.C. § 2000e-5(f)(3), venue is improper. *Washington v. Gen. Elec. Corp.*, 686 F. Supp. 361, 363 (D.D.C. 1988).

Title VII's venue provisions obviously contemplates the possibility that several districts could provide an appropriate venue for the same action. For example, a company could keep business records in an office located in one judicial district but engage in discriminatory hiring practices at a different office in another district. Thus, under the statute, an action could be properly brought in either district. *See Passantino v. Johnson and Johnson Consumer Products Inc.*, 212 F.3d 493 (9th Cir. 2000)(venue proper in both the forum where the employment decision made and the forum in which decision is implemented or its effects felt).

When a plaintiff files an action in the wrong district, 28 U.S.C. § 1406(a) directs courts to "dismiss, or if it be in the interest of justice, transfer such case" to the proper venue. 28 U.S.C. § 1406(a). Generally, the "interest of justice" requires courts to transfer cases to the appropriate judicial district, rather than dismiss them. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962); *James v. Booz-Allen*, 227 F.Supp.2d 16 (D.D.C. 2002). Consequently, the decision of whether to dismiss or to transfer lies within the sound discretion of the district court. *Pierce v. Shorty's Small of Branson, Inc.*, 137 F.3d 1190 (10th Cir. 1998); *Minetta v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993); *Johnson v. Payless Drug Stores Northwest, Inc.*, 950 F.2d 586 (9th Cir. 1991).

**B.**

**Venue Is Proper in the District of Columbia Under 42 U.S.C. 2000e-5(f)(3)**

The plaintiff meets the venue requirements of 42 U.S.C. §2000e-5(f)(1) and (2). Without a doubt, many of the transactions directed at him were occurred in the Eastern District of Louisiana. However, that factor in and of itself does not dictate that this court of should transfer the case to the Eastern District of Louisiana. As noted herein, venue can be based on the actions

on the alleged conduct and actions of Charles Stallworth.  Indeed, the decisions to remove the plaintiff from his law enforcement position originated in Stallworth's office and were specifically approved by him.  (*Exh. G - Decl. Ricky Rauch Sr. ¶¶ 6, 7, 8, 9, 10, 11, 15, 16*)  Thus, viewing all inferences in a light most favorable to the plaintiff's favor, one could reasonably infer that Stallworth was an actor on some alleged discriminatory acts and approved other discriminatory act which were implemented by Coover and Doucet.  Thus, the plaintiff meets the venue requirements of the statute.  In the same vein, the plaintiff meets the venue definition of the statute because his the employment records relevant to the complaint are maintained and administered in Washington, D.C.

Another compelling reason exists as to whether the court should grant the defendant's motion and transfer this case to the Eastern District of Louisiana.  This Court would be transferring this case to a federal disaster area where the plaintiff no longer resides.  While the District Court is operating, there are minimal services available in that area as noted in paragraphs 1A and 1B.  Indeed,  the potential for another disaster in the Gulf Coast region could delay the plaintiff's case for years should it be struck by another hurricane or tropical storm.  The plaintiff should not be made to bare that potential.  There is no interest to the State of Louisiana in litigating that case in New Orleans.  This case involves the vindication of a federal right, by a federal employee against a federal agency headquartered in Washington, D.C.  At least one of the federal actors involved in the alleged discrimination is located in Washington, D.C.  The plaintiff's employment records and records relevant to his retaliation claims are located in Washington, D.C.    It is the most convenient forum to litigate this case which will present the least amount of inconvenience to the government witnesses or the chance of facing another

weather disaster.  The District of Columbia is the most convenient forum to obtain a swift

resolution of this dispute.

                                  Respectfully submitted,


                                  ***/s/ Stephen G. DeNigris, Esq.***
                                  Stephen G.  DeNigris, Esq.
                                  D.C. Bar 440697
                                  Attorney for the Plaintiff
                                  Suite 170-283
                                  2100 M Street N.W.
                                  Washington, DC 20037

                                  Office: (703)416-1036
                                  Fax:     (703)416-1037


Dated: March 7, 2006
             Washington, D.C.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| RICKY RAUCH, SR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05-cv-1904(RJL) |
| | ) | |
| | ) | |
| MICHAEL CHERTOFF, as Secretary of the | ) | |
| Department of Homeland Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**O R D E R**

Upon consideration of the Defendant's Motion to Dismiss and/or Transfer Case and for other good cause shown, it is hereby

**ORDERED** that the Defendant's Motion is **DENIED**.  And it is further

**ORDERED** that the parties will have up to and including _____2006 within which to file the Case Management Report with the Court.

Dated:  _____ 2006

Washington, D.C.

_____
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing Opposition to the Defendant's

Motion to Dismiss and/or Transfer has been made through the Court's electronic transmission

facilities on the 7th day of March 2006, to:


W. Mark Nebeker, Esq.
Assistant United States Attorney
Civil Division
555 4th Street NW
Washington, D.C.  20037


                         ___/s/ Stephen G. DeNigris, Esq.___
                         Stephen G. DeNigris, Esq.