RAUCH v. CHERTOFF
05-cv-1904(RJL)

# EXHIBIT G

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RICKY RAUCH, SR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05-cv-1904(RJL) |
| | ) | |
| MICHAEL CHERTOFF, as Secretary of the Department of Homeland Security, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

## DECLARATION OF RICKY RAUCH, SR.

Pursuant to 28 U.S.C. §1746, Plaintiff Ricky Rauch, Sr., declares under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

1. I am the plaintiff in the above-captioned matter.

2. I am making this declaration in support of my opposition to the government's motion to dismiss and/or transfer this case to the United States District Court in the Eastern District of Louisiana.

3. This declaration in made in further support of my position that 42 U.S.C. §2000e-5(f)(3) provides an appropriate basis for this case to be tried in the District of Columbia.

4. At the time I filed the administrative complaints which form the basis of this action, I was a Supervisory Marine Enforcement Officer, GS-1801-13, assigned to the Department of Homeland Security, Immigration and Customs Enforcement, Air and Marine Interdiction Division, New Orleans Air and Marine Branch, satellite office in Gulfport, Mississippi.

5. My official personnel folder is maintained by the U.S. Customs Service at its offices in Washington, D.C. Throughout my career, my OPF has always been maintained by the

Customs Service in Washington, D.C. and to my knowledge never in Louisiana.

6. Many of the instances of retaliation taken against me which were described in my complaint were either taken at the direction of or with the approval of Charles E. Stallworth II, Director, Air and Marine Operations, from his office in Washington, D.C.

7. For example, the decision to reassign me to Washington, D.C. in retaliation for my protected EEO activity and to remove me from my Supervisory Marine Patrol Officer duties was made in Washington, D.C. by Mr. Stallworth. (*Comp.* ¶35) Nicholas Doucet was fully aware of that fact and sworn under oath during the EEO investigation that the decision to reassign me to Washington came from Mr. Stallworth's Office.

8. The decision informing me that failure to accept the reassignment could result in removal or retirement in retaliation for my protected EEO activity also was decided by Mr. Stallworth in Washington, D.C. (*Comp.* ¶35)

9. The elimination of my GS-13 Supervisory Position from the Gulfport Operations Office to the San Diego Operations in retaliation for my protected activity was decided and approved by Mr. Stallworth in Washington, D.C, as stated in his sworn EEO affidavit of February 24, 2004.

10. The defendant's refusal to assign me sedentary duties within my position description when such accommodation could have been easily made was made in retaliation for my protected EEO activity. That decision was made by, taken at the direction of or with the approval of Charles E. Stallworth II, Director, Air and Marine Operations, from his office in Washington, D.C. Indeed, on December 22, 2004, the Department of labor criticized the Customs Service for it refusal to provide me with modified working hours.

11. The amendment to my position description to require vessel duty, also in retaliation for my protected EEO activity was made by, taken at the direction of or with the approval of Charles E. Stallworth II, Director, Air and Marine Operations, from his office in Washington, D.C. I know this because the satellite operations offices did not have the authority to modify my position description. This had to come directly from Washington, D.C.

12. The agency's Management Program Analyst Maushumi Carey who worked on my case was involved in providing guidance to my supervisors. Ms. Carey's advice focused on my reassignment to San Diego and on my related health issues. She is located in Washington, D.C.

13. In a meeting I had with Nicholas Doucet on March 27, 2003, involving my accommodations and removal of my duties he advised me that he would be contact appropriate officials in Washington, D.C. concerning these matters.

14. As it applied to my request for accommodation, that approval had to come from Washington, D.C. Indeed, Nicholas Doucet wrote me on December 9, 2004, advising me that he had no authority to grant such a request.

15. When it came to accommodating me with another law enforcement position, such as an available aviation enforcement specialist which had law enforcement retirement (6-C), the decision not to offer me the position was made by, taken at the direction of or with the approval of Charles E. Stallworth II, Director, Air and Marine Operations, from his office in Washington, D.C.

16. Indeed, the organization chart dated July 11, 2004, from the New Orleans Air and Marine Branch, clearly shows that there is a vacant Intelligence Research Specialist which I

qualified for and which was sedentary. However, the decision not to offer me that position was was made by, taken at the direction of or with the approval of Charles E. Stallworth II, Director, Air and Marine Operations, from his office in Washington, D.C.

Executed on the 7th day of March 2006

_____
Ricky Rauch, Sr.

4