UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICKY RAUCH, SR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. Action No. 05-1904 (RJL) |
| ) | |
| MICHAEL CHERTOFF ) | |
| Secretary of the Department of ) | |
| Homeland Security, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION
(September 3, 2006) [#5]

Plaintiff, Ricky Rauch, Sr., brings this employment discrimination action against defendant, Michael Chertoff, in his capacity as Secretary of the Department of Homeland Security. Plaintiff, a resident of New Orleans, Louisiana, alleges that while employed at the Gulfport, Mississippi satellite office of the New Orleans Air and Marine Branch, Immigration and Customs Enforcement, Department of Homeland Security ("New Orleans Air and Marine Branch"),[1] he was (1) harassed and discriminated against due to his race, national origin, and age; (2) retaliated against for his initiation of a complaint with the Equal Employment Opportunity Commission ("EEOC"); and (3) forced to work in a hostile environment because he exercised his right to file such a complaint, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Civil Rights Act of 1991, 42 U.S.C. § 1981a. Currently before the Court is the defendant's Motion to Dismiss or, in the Alternative, to

---

[1] The New Orleans Air and Marine Branch's offices were located in Belle Chasse, Louisiana at all times relevant to plaintiff's Complaint. (Mem. of P. & A. in Supp. of Def.'s Mot. Dismiss or, in the Alternative, to Transfer ("Def.'s Mot.") at 2 n.1.) During October 2003, the offices were moved to Hammond, Louisiana. (*Id.*)

Transfer,[2] arguing that "venue is improper in the District of Columbia, and transfer is appropriate for the convenience of the parties and witnesses." (Def.'s Mot. at 1.) For the following reasons, the Court GRANTS defendant's motion to transfer this action to the Eastern District of Louisiana.

## ANALYSIS

Title 28 of the United States Code § 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Motions to transfer are left to the discretion of the Court to adjudicate on an 'individualized, case-by-case consideration of convenience and fairness.'" *Shawnee Tribe v. United States*, 298 F. Supp. 2d 21, 23 (D.D.C. 2002) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

Under § 1404(a), the moving party bears the burden of establishing that the transfer is proper, and to do so it must first show that the plaintiff originally could have brought the action in the proposed transferee district. *Devaughn v. Inphonic, Inc.*, 403 F. Supp. 2d 68, 71 (D.D.C. 2005); *Holland v. A.T. Massey Coal*, 360 F. Supp. 2d 72, 76 (D.D.C. 2004); *Trout Unlimited v. U.S. Dep't of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996). Not only has defendant demonstrated that in a civil action against a department of the United States government or any of its officers acting in their official capacity, venue is proper "in any judicial district in which

---

[2] When a plaintiff files an action in an improper district, the district court "shall dismiss [the case], or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "Generally, transfers based on the interest of justice are favored over the dismissal of actions." *Asim El v. Belden*, 360 F. Supp. 2d 90, 93 (D.D.C. 2004) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962)).

(1) a defendant . . . resides, (2) a substantial part of the events . . . giving rise to the claim occurred . . . , or (3) the plaintiff resides if no real property is involved in the action," 28 U.S.C. § 1391(e), but it has also demonstrated that plaintiff has no basis for venue in this District. As no real property is involved in this case, the action could have been brought in the Eastern District of Louisiana by virtue of plaintiff's residency alone.[3]

Furthermore, by plaintiff's own admission, "many of the transactions directed at [plaintiff] were occurred [sic] in the Eastern District of Louisiana." (Pl.'s Opp'n at 7.) Indeed, there is no question that plaintiff could have originally brought this action in the Eastern District of Louisiana under Title 42 of the United States Code § 2000e-5(f)(3), which specifically provides venue, *inter alia*, "in the judicial district in which the unlawful employment practice is alleged to have been committed," or "in the judicial district in which the employment records relevant to such practice are maintained and administered."[4] 42 U.S.C. § 2000e-5(f)(3).

Moreover, in this case, plaintiff has offered no facts to support venue in this District. A substantial part of the adverse employment acts alleged by plaintiff occurred at both the

---

[3] Although plaintiff claims that he "no longer resides" within the Eastern District of Louisiana (Pl.'s Resp. in Opp'n to Def.'s Mot. Dismiss and/or to Transfer ("Pl.'s Opp'n") at 8), plaintiff has not notified the Court of his change of address. Accordingly, the Court must presume that plaintiff's place of residence remains in New Orleans, as indicated in his complaint. *See* LCvR 5.1(e)(1) & 11.1 ("Unless changed by notice filed with the Clerk, the address . . . of a party . . . noted on the first filing shall be conclusively taken as the last known address . . . of the party.").

[4] Section 2000e-5(f)(3) also provides for venue "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3). Further, if the respondent is not found within any of the aforementioned venues, a plaintiff may bring his/her action "within the judicial district in which the respondent has his principal office." *Id.*

3

New Orleans Air and Marine Branch offices, located in Belle Chasse, Louisiana, and the New Orleans Air and Marine Branch's satellite office in Gulfport, Mississippi.[5] (*See* Compl. ¶¶ 6, 9-10; Def.'s Mot. at 1-8.) According to defendant, plaintiff's *relevant* employment records are kept in Louisiana, as well as plaintiff's medical records that pertain to his work-related injuries. (Def.'s Reply to Pl.'s Resp. in Opp'n to Def.'s Mot. Dismiss and/or to Transfer ("Def.'s Reply") at 6-7.) If not for the allegedly unlawful discriminatory acts against him, plaintiff would still be employed at the New Orleans Air and Marine Branch in either Belle Chasse, Louisiana or Gulfport, Mississippi. Simply stated, there is no basis for venue in this District.[6] *See Asim El*, 360 F. Supp. 2d at 93; *Darby*, 231 F. Supp. 2d at 277.

## CONCLUSION

For the foregoing reasons, this Court finds that it would be in the interest of justice for this action to be adjudicated in the Eastern District of Louisiana and therefore GRANTS defendant's Motion to Transfer. An appropriate Order will issue with this Memorandum Opinion.

*[signature]*
RICHARD J. LEON
United States District Judge

---

[5] Venue cannot lie in the District of Columbia when a substantial part, if not all, of the challenged employment actions occurred outside the District. *See Asim El*, 360 F. Supp. 2d at 93; *Darby v. U.S. Dep't of Engergy*, 231 F. Supp. 2d 274, 277 (D.D.C. 2002).

[6] Although the Eastern District of Louisiana was either closed or operating at a limited capacity in the aftermath of Hurricane Katrina when plaintiff filed suit on September 27, 2005 (Pl.'s Opp'n at 2), it appears that the District was back in full operation in New Orleans by at least November 25, 2005 (*see* Def.'s Reply at 8).